UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MYANMAR ASIAN INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>DEPARTMENT OF AGRICULTURE )<br>FOOD AND NUTRITION SERVICE )<br>)<br>Defendant. ) | Index No.: 1:20-cv-765 (GTS/CFH) |

**COMPLAINT & PETITION FOR REVIEW OF FINAL AGENCY ACTION**

NOW COMES the Plaintiff, Myanmar Asian Inc., by and through its attorney, Eric K. Schillinger, and hereby petitions this Honorable Court to review the Final Agency Decision, entered by the United States Department of Agriculture, and in support thereof, states the following:

**PARTIES**

1.      Plaintiff, Myanmar Asian Inc., is a New York corporation owned by Wah Say, who resides in Rensselaer, New York and has operated a grocery store under the corporate name Myanmar Asian, Inc. since 2014. Myanmar Asian, Inc. is located at 1100 Broadway, Rensselaer New York 12144-1918.

2.      Defendant, the United States of America Department of Agriculture Food and Nutrition Service ("USDA" and "FNS"), is an agency of the executive branch of the United States government.

**DEMAND FOR JURY TRIAL**

3.      Myanmar Asian Inc. demands that all issues be tried by a jury.

## JURISDICTION

4. Plaintiff brings this action pursuant to 7 U.S.C. § 2023(a)(13) as a result of the Defendant's Final Agency Decision dated June 9, 2020 permanently disqualifying Plaintiff from participating as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP) in administrative case number C0226889.

5. This Court has jurisdiction over this mater pursuant to 7 U.S.C. § 2023(a)(13), 5 U.S.C. § 702, and 28 U.S.C. § 1331.

6. This Court is the appropriate venue, pursuant to 7 U.S.C. § 2023(a)(13) and 28 U.S.C. § 1402 because Myanmar Asian Inc. is engaged in business, and has its principal place of business, in this district.

## STANDARD OF REVIEW

7. Pursuant to 7 U.S.C. § 2023(a)(15), this action shall be a trial *de novo* in which the Court "shall determine the validity of the questioned administrative action in issue."

## PROCEDURAL HISTORY

8. In a letter dated February 26, 2020, the Retailer Operations Division of FNS charged Myanmar Asian Inc. with SNAP benefit trafficking between October 2019 and January 2020.

9. FNS asserted two patterns of violations: 1) that "multiple [EBT] transactions were made from the accounts of individual SNAP households within a set time period"; 2) that the "store conducted EBT transactions that are large [*sic*] based on the observed store characteristics and recorded food stock".

10. At all times, Myanmar Asian Inc. has disputed these charges.

11. On March 10, 2020, Myanmar Asian Inc. received a letter in which the FNS

Retailer Operations Division informed Myanmar Asian Inc. that it had made a final determination to permanently disqualify the store from participating in SNAP.

12. In a letter dated April 17, 2020, Myanmar Asian Inc., through counsel, requested administrative review, which FNS granted.

13. In a letter dated June 9, 2020 and received via electronic mail sent to counsel on June 10, 2020, FNS issued its "Final Agency Decision," affirming FNS's decision to permanently disqualify Myanmar Asian Inc. from SNAP.

## FACTS

14. Wah Say has owned Myanmar Asian Inc. for approximately six years. He operates the store with family members. Mr. Say is present at the store during the entirety of its business hours.

15. Prior to March 10, 2020, Myanmar Asian Inc. was an authorized retail participant in SNAP.

16. Mr. Say is from Myanmar. He immigrated to the United States in 2008 and is a lawful permanent resident. Mr. Say is involved in a large community of Burmese refugees who immigrated to the United States and Upstate New York specifically.

17. Myanmar Asian Inc. is located in the small city of Rensselaer New York, within the general area of the New York State Capital District. The store occupies the ground floor of a two-story building in a neighborhood multi-use and diverse neighborhood where many potential customers live within close walking distance of the store.

18. The store area includes shelves stocked with food and household goods, a checkout area with a cash register and a SNAP point-of-sale machine.

19. In addition to the typical fair of a local grocery store - deli meats and cheeses, baby

formula, cereal, milk, canned foods, and soft drinks, Myanmar Asian Inc. also sells a large supply of specialty foods typically used in Burmese cooking.

20. Upon information and belief, Myanmar Asian Inc. customers, come from two primary groups - local residents predominantly from the immediate neighborhood of the store, and Burmese immigrants living in the Upstate New York more generally, who shop at Myanmar Asian Inc. to acquire unique Burmese products not widely available elsewhere.

21. Upon information and belief, a significant percentage of Myanmar Asian Inc. customers frequent the store on a weekly or even daily basis. These customers mostly purchase the traditional "American" grocery items for sale in the store. Some regular customers routinely visit the store more than once on any given day. This is not unusual because many of the customers live very close to the store and buy only what they can carry to their nearby homes.

22. Upon information and belief, the second significant portion of Myanmar Asian Inc. customers shop at the store to purchase Burmese specialty foods not readily available, even in some larger "Asian Supermarkets". While some of these customers live close to the store, many of them do not. As a result, they travel to the store and sometimes buy larger volumes of items in one visit.

23. Upon information and belief, FNS's Final Agency Decision was supported by an invalid audit of electronic data that it gathered from the EBT system. All of the arguments that FNS raised were based on a perfunctory statistical analysis of EBT sales records; FNS provided no evidence that tied its data to any actual wrongdoing by Myanmar Asian Inc. Although the Administrative Decision noted a large stock of canned and packaged Asian foods for sale at Myanmar Asian Inc., the statistical analysis did not consider the unique nature of Myanmar Asian Inc.'s inventory.

24. Upon information and belief, no person has ever informed Myanmar Asian Inc. that he or she witnessed or participated in any controlled trafficking transactions at Myanmar Asian Inc.

25. Upon information and belief, Myanmar Asian Inc. has never engaged in trafficking SNAP benefits; the store's owner, Wah Say, has never engaged in any SNAP trafficking transactions.

26. While Myanmar Asian Inc. contests in whole the Defendant's determination that it trafficked SNAP benefits, it additionally specifically contests the Defendant's determination that Plaintiff's disqualification as a SNAP Authorized Retailer must be permanent. Defendant erred in both its finding of trafficking and its finding that the necessary penalty was permanent disqualification of Myanmar Asian Inc. as a SNAP Authorized retailer.

27. Under the Food Stamp Act, FNS is not entitled to deference with regard to its pseudo-evidentiary and non-trial procedure, or its decisions during the administrative review process. 7 U.S.C. § 2023(a)(15).

28. Permanent disqualification from SNAP will have crippling economic consequences to Myanmar Asian Inc. because a large segment of its customer base depends on SNAP benefits. Myanmar Asian Inc. can no longer serve these customers.

29. Therefore, Myanmar Asian Inc. will suffer irreparable injury from its disqualification from SNAP.

30. In anticipation of the Defendant's Motion for Summary Judgment, the attached Rule 56(d) Affidavit seeks further discovery to obtain information about the individuals who supposedly engaged in the alleged trafficking transactions. The government has exclusive control of this information, and its assertions rely on assumptions about these individual consumers, who

have not had the opportunity to speak for themselves.

## REQUESTS FOR RELIEF

WHEREFORE, Myanmar Asian Inc. requests that this Court grant the following relief:

A.  A *de novo* trial so that this Court can determine the validity of FNS's final administrative action;

B.  An order temporarily staying FNS's final administrative action during the pendency of this action;

C.  A judgment and order that FNS's final administrative action is invalid and that reverses that action;

D.  An order awarding Myanmar Asian Inc. reasonable attorney's fees; and

E.  Any other relief that this Court deems appropriate.

Respectfully submitted,

                                         */s/ Eric K. Schillinger*_____
                                         Eric K. Schillinger
                                         Attorney for Plaintiff
                                         Myanmar Asian Inc.
                                         Bar Roll No.: 516083
                                         90 State Street, Suite 700
                                         Albany, New York 12207
                                         (518) 595-9529
                                         eric@schillinger-law.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MYANMAR ASIAN INC., | USDA FILE NO. C0226899 |
| Plaintiff, | |
| v. | Index No.: |
| UNITED STATES OF AMERICA, DEPARTMENT OF AGRICULTURE FOOD AND NUTRITION SERVICE | |
| Defendant. | |

### AFFIDAVIT OF ERIC K. SCHILLINGER

Pursuant to Fed. R. P. 56(d), Eric K. Schillinger, the attorney for Myanmar Asian Inc., makes the following declarations in support of Plaintiff's Complaint and Petition for Review of Final Agency Action:

1. I am over 18 years of age, am competent to testify, and have knowledge of the facts and other matters contained in this declaration. This Affidavit is made in part on information and belief, the sources of said information are your deponent's conversations with the Wah Say, the owner of Plaintiff, other witnesses, a review of your deponent's file on the matter, a review of all the papers presently before the Court, and your deponent's own investigation into the facts and circumstances of this case.

2. I am the attorney representing plaintiff Myanmar Asian Inc. in the above-captioned action.

3. Myanmar Asian Inc. is unable to access critical information that is in the exclusive control of Defendant, the United States of America ("Government"). This Court has not yet set a scheduling order and has not yet permitted discovery. Therefore,

Myanmar Asian Inc. has had no means of requesting or securing information from the Government.

4. Myanmar Asian Inc. needs discovery to oppose the Government's Expected Motion for Summary Judgment. Specifically, Myanmar Asian Inc. needs to know the identities of the households and people involved in the alleged suspicious transactions that the Government has identified as its basis for disqualifying Myanmar Asian Inc. from participating in SNAP. In documents and letters that the Government has sent to Myanmar Asian Inc., these households are identified only by long strings of partially redacted numbers. The affidavits or live testimony of these people could be persuasive exculpatory evidence. This information is especially crucial because the Government's case is based on its assumptions about the shopping behavior of these people.

5. Myanmar Asian Inc. also needs the complete set of Electronic Benefit Transfer ("EBT") transaction data that the Government recorded from its store during the period between October 2019 and January 2020. Without this data set, Myanmar Asian Inc. cannot fully show the flaws in the Government's statistical analysis. Moreover, Myanmar Asian Inc.'s inability to conduct its own analysis of this complete data set allows the Government to single out only those data points that support its case; this prejudices Myanmar Asian Inc. because it has few methods to rebut these data points without access to the full data set. Moreover, if the Government is confident enough to disqualify Myanmar Asian Inc. from SNAP - thus irreparably injuring its ability to operate and its reputation in the community - on the strength of its EBT transaction data, it can argue no reasonable objection to producing that data set.

6. In its letters and documents, the Government has also relied upon

comparative EBT data from other grocers. Myanmar Asian Inc. needs this data set that supports the Government's comparative analysis. Without such data, Myanmar Asian Inc. will suffer an extreme informational disadvantage, rendering it incapable of putting forth a comprehensive defense to the Government's administrative action.

I declare, under penalty of perjury, that the foregoing is true and correct.

July 8, 2020

/s/ *Eric K. Schillinger*_____
Eric K. Schillinger
Attorney for the Plaintiff
Myanmar Asian Inc.
Bar Roll No.: 516083
90 State Street, Suite 700
Albany, New York 12207
(518) 595-9529