UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MYANMAR ASIAN INC.,<br><br>                         Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF<br>AGRICULTURE, FOOD AND NUTRITION SERVICE,<br><br>                        Defendant. | )<br>)<br>)<br>)   Civil Action No.<br>)   1:20-CV-765 (GTS/CFH)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION AND ORDER OF SETTLEMENT

WHEREAS Plaintiff, Myanmar Asian, Inc., a New York Corporation, ("Plaintiff") filed the complaint in the above-captioned matter on or about September 11, 2020, against the United States of America ( "Defendant"; collectively with Plaintiff, the "Parties"), seeking to set aside a Final Agency Decision ("FAD") of the United States Department of Agriculture, Food and Nutrition Service ("FNS"), dated June 9, 2020, permanently disqualifying Plaintiff from the Supplemental Nutrition Assistance Program ("SNAP"); and

WHEREAS the Parties desire to resolve all claims in this action, and to obtain an order from this Court encompassing the terms of said settlement:

IT IS STIPULATED AND AGREED, by and between the Parties, through their respective counsel, as follows:

1. This action is dismissed with prejudice with each party to bear its own costs, expenses, and attorneys' fees.

2. In lieu of the Plaintiff's permanent disqualification from SNAP, Plaintiff agrees to pay FNS a civil monetary penalty totaling Forty Thousand Dollars ($40,000.00) (the "Monetary Penalty"), which Monetary Penalty shall be due and payable as follows:

> A. One (1) Lump sum payment in the amount of Five Thousand Dollars ($5,000.00) to be paid within thirty (30) days of the Effective Date of this Stipulation; and

> B. The remaining Thirty Five Thousand Dollars ($35,000.00) to be paid in sixty (60) monthly payments of Five Hundred Eighty Three Dollars and Thirty Three Cents ($583.33). The remaining payments shall be made on the 15th day of each month, beginning the month after the lump sum payment is made.

3. Plaintiff's payments of the Monetary Penalty shall be made by electronic funds transfer pursuant to written instructions to be provided by the Financial Litigation Unit of the United States Attorney's Office for the Northern District of New York.

4. If Plaintiff fails to make any of the payments referenced in paragraph(s) 2 and 3 above, after a seven-day grace period, Plaintiff shall be deemed in default of this Stipulation, and Plaintiff agrees that: (a) Plaintiff will be immediately disqualified from SNAP on a permanent basis; (b) Plaintiff waives the right to administrative or judicial review of such disqualification; and (c) Plaintiff forfeits any portion of the total civil money penalty that Plaintiff has already paid.

5. Plaintiff shall make the payments as provided in this Stipulation regardless of whether Plaintiff continues to operate during the time when the payment is due.

6. Plaintiff agrees to obtain, within thirty (30) days of the Effective Date of this Stipulation, a Collateral Bond/Irrevocable Letter of Credit in favor of FNS in the

amount of one thousand twenty four dollars ($1,024.00) to ensure that program integrity is protected as provided in the SNAP regulations at 7 C.F.R. § 278.1(b)(4)(i)(D). All terms and conditions are set forth in Exhibit A, which is attached hereto and incorporated by reference. This Collateral Bond/Letter of Credit shall be maintained and remain in full force and effect for a term of five (5) years from the date of issuance. Copies of the Collateral Bond/Letter of Credit should be provided via email to the United States Attorney's Office for the Northern District of New York, and mailed to the following address:

> USDA Food and Nutrition Service
> P.O. Box 7228 (USPS only)
> Falls Church, VA 22040

7. Plaintiff further agrees to comply with, and remain subject to, all applicable laws and regulations of SNAP, and to fulfill its obligations as set forth in this Stipulation; and to be placed on probation for a two-year period commencing on the date that this Stipulation has been "so ordered" by the Court.

8. Plaintiff shall submit documentation to FNS that all owners, officers, agents, managers, and permanent and temporary workers, whether paid or unpaid, of Myanmar Asian, Inc., are trained in accordance with SNAP training guidelines within thirty (30) days of the date that Plaintiff signs this Stipulation. Plaintiff understands and agrees that all authorized SNAP retailers are expected to abide by the training guidelines and responsibilities, which are available at Retailer Training Materials | USDA-FNS and at SNAP_General_Training_Responsibilities.pdf (azureedge.net). Proof of the completion of the training must be submitted, within 30 days of the date that Plaintiff signs this Stipulation, to Sanela Ocanovic, Section Chief, United States Department of

Agriculture, Food and Nutrition Service, Retailer Operations and Compliance Division at the following email: SM.FN.ROCretailreply@usda.gov.

9. Plaintiffs agree to complete and submit a new application to participate in SNAP. FNS agrees to vacate its FAD and, for the purposes of this new application, and any other applications or re-applications, FNS agrees that it shall not consider Plaintiff's prior disqualification and/or the administrative action at issue in the above-captioned matter when determining whether Plaintiff is eligible to participate in SNAP. Plaintiff further understands and agrees that all SNAP eligibility conditions shall apply, including but not limited to compliance store visits, as provided under Section 9 of the Food and Nutrition Act of 2008 (7 U.S.C. § 2018, *et seq.*) and inspections and investigations (7 C.F.R. § 278). If, after review, FNS authorizes Plaintiff to participate in SNAP, Plaintiff shall abide by all applicable laws and regulations governing SNAP. A FNS representative will conduct an in-person store visit to evaluate the store's inventory and operations for compliance with SNAP requirements as soon as practicable in light of the coronavirus (COVID-19) pandemic. Plaintiff agrees that FNS's determination of any new application will not be a ground for Plaintiff to rescind this agreement.

10. Plaintiff shall display the "SNAP Fraud Poster," available at: SNAP_fraud_poster_professional_prt.pdf (azureedge.net) within its store in a position that is prominent and visible to customers.

11. This settlement does not preclude Defendant from taking any administrative action against Plaintiff based on future conduct as permitted by the Food and Nutrition Act of 2008, as amended, the SNAP regulations, or any other applicable laws or regulations.

However, the terms of this settlement shall not trigger any reciprocal disqualification to the store.

12. Plaintiff acknowledges that it fully understands the waivers of rights set forth in this Stipulation and knowingly and voluntarily waives those rights after a full and complete opportunity to consult an attorney regarding said waivers and their meaning.

13. The Parties acknowledge, understand, and agree that this Stipulation sets forth the entire agreement between the Parties relating to the subject matter hereof.

14. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective legal representatives, successors, and assigns.

15. It is contemplated that this Stipulation may be executed in several counterparts. All such counterparts and signature pages, together, shall be deemed to be one document.

16. This Court shall retain jurisdiction over this action to enforce this Stipulation.

**AGREED AND CONSENTED TO:**

Dated: February ___15___, 2022          By: _____

**WAH SAY**
On behalf of Myanmar Asian, Inc., a New York Corporation

Dated: February ___15___, 2022          **THE LAW OFFICE OF ERIC K. SCHILLINGER**

_____
Eric K. Schillinger, Esq.
NDNY Bar Roll No.: 516083
90 State Street, Suite 700
Albany, New York 12207
(518) 595-9529
Eric@schillinger-law.com

**COUNSEL FOR PLAINTIFF**

Dated: ~~February~~ March 2, 2022

CARLA B. FREEDMAN
United States Attorney for the
Northern District of New York

By:_____

John D. Hoggan, Jr., Esq.
Assistant United States Attorney
NDNY Bar Roll No. 511254
United States Attorney's Office
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, New York 12207
518-431-0247
John.Hoggan@usdoj.gov

**COUNSEL FOR DEFENDANT**

IT IS SO ORDERED:

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge

Dated: _____March 28, 2022_____
Syracuse, NY

6

Attachment

## COLLATERAL BOND/LETTER OF CREDIT REQUIREMENT
## THE SUPPLEMENTAL NUTRITION ASSISTANCE PROGRAM
### (Effective: March 2, 2009)

1.  If you are applying for reinstatement as an authorized retailer, or have requested continued authorization, to accept and redeem Supplemental Nutrition Assistance Program-SNAP (formerly the Food Stamp Program) benefits, and have been informed by the Food and Nutrition Service (FNS) that you must submit a collateral bond or an irrevocable letter of credit (LOC),  the bond or LOC document shall meet all of the following conditions:

    a.  A bond must be issued by a bonding agent/company recognized under the law of the state in which the firm is conducting business.  A letter of credit must be irrevocable and issued by a commercial bank.
    b.  The bond/LOC must be made payable to the Food and Nutrition Service, USDA.
    c.  The bond/LOC must contain the following wording: "This instrument is to insure the ability of the Food and Nutrition Service, USDA to collect payment of any fiscal claim assessed by the agency against the aforementioned firm, for the firm's participation in the Supplemental Nutrition Assistance Program."

2.  The collateral bond or irrevocable letter of credit shall remain in the custody of FNS unless released to the applicant as a result of the withdrawal of the applicant's authorization, without a fiscal claim established against the applicant by FNS.

3.  **The bond/LOC presented must be maintained for a period of 5 years**. It is the retailer's responsibility to keep the bond/LOC active at all times during the prescribed period.  Failure to do so shall result in withdrawal or disqualification from the program.

4.  The face value of the bond or LOC shall be $1000 or an amount equal to ten percent of your firm's average monthly redemption volume for the most recent 12 months for which the FNS has redemption data, whichever amount is greater; FNS will inform you as to the required face value amount.

5.  Furnishing a collateral bond or irrevocable letter of credit shall not eliminate or reduce a firm's obligation to pay in full any civil money penalty or previously determined fiscal claim assessed against the firm by FNS prior to the requirement for the bond or the LOC.